FILED

JUL 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRECK SUNDERLAND, | No. 09-15400 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-00999-LJO |
| v. | |
| KATHY MENDOZA-POWERS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

California state prisoner Derreck Sunderland appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Sunderland contends that he was deprived of the benefits of his plea bargain as a result of the Board's 2003 decision finding him unsuitable for parole. The state court's rejection of this claim was not contrary to or an unreasonable application of *Santobello v. New York*, 404 U.S. 257, 261-62 (1971).

The district court did not abuse its discretion in failing to grant an evidentiary hearing because Sunderland did not set forth a colorable claim for relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

We decline to grant a certificate of appealability as to whether Sunderland's no contest plea was not knowing and voluntary, and whether the government breached his plea agreement by filing a statement pursuant to Cal. Penal Code § 1203.01, referencing a prior offense. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

We grant Sunderland's request for judicial notice, filed on June 15, 2009.

**AFFIRMED.**

---

[1] We grant Sunderland's request for a certificate of appealability as to whether the Board of Prison Terms' ("Board") 2003 decision denying him parole violated his due process rights because it breached his plea agreement, and as to whether the district court abused its discretion in failing to grant an evidentiary hearing regarding this issue.